W. D. CHAMBERLAIN v. MISSOURI PACIFIC RAILROAD COMPANY, a Corporation, Appellant.—75 S. W. (2d) 835.

Division One, October 30, 1934.*

---

*NOTE: Opinion filed at May Term, 1934, June 22, 1934; motion for rehearing filed; motion overruled at September Term, October 30, 1934.

*Thomas J. Cole* and *Ragland, Otto & Potter* for appellant.

1122

*Kennard & Gresham, F. M. Kennard* and *Walter J. Gresham* for respondent.

GANTT, J.—Action for damages for personal injuries. At the time of the injury plaintiff was in the service of defendant in its planing mill at Osawatomie, Kansas. He recovered judgment for $9,000. Defendant appealed.

The case was. tried on the second count of the petition. In substance that count alleged a violation of the Kansas Railroad Employers' Liability Act in that while plaintiff was operating a planer in defendant's planing mill, a revolving wheel, because of negligence on the part of defendant, broke and some of the pieces struck him on the head, arm and side, thereby permanently injuring him.

The answer was a general denial with a plea of assumption of risk. In substance it then alleged that at the time there was in force in the State of Kansas a Workmen's Compensation Act (Laws of Kansas, 1927, Chap. 232, Secs. 1-64); that neither plaintiff nor defendant elected not to come under the provisions of said act; that the rights of plaintiff to recover from defendant for said injuries were governed exclusively by the terms of said act; that the provisions of the Kansas Railroad Employers' Liability Act were not applicable to the facts herein and were only applicable if the employer or employee elected not to come under the provisions of said act; and that the court was without jurisdiction to hear and determine the rights of plaintiff under said Railroad Employers' Liability Act. The reply was a general denial with a plea, the consideration of which is unnecessary.

Plaintiff introduced evidence tending to sustain the allegations of the petition. Defendant offered no evidence.

At the close of the case the court refused an instruction in the nature of a demurrer. This ruling is the only error assigned. Under the Kansas Workmen's Compensation Act an employer and employee entitled to come within the provisions of the act are presumed to be under the act, unless they reject the act in the manner therein provided. [Secs. 50, 51, Chap. 232, Laws of Kan. 1927, p. 410.] In considering the question we will assume, without deciding, that plaintiff and defendant were under the Kansas Workmen's Compensation Act.

The act only applies "to employers by whom five (5) or more workmen have been employed within the State of Kansas continuously for more than one month at the time of the accident." [Sec. 7, Chap. 232, Laws of Kan. 1927, p. 392.] It applies to railways (Sec. 5, Chap. 232, Laws of Kan. 1927, p. 391), and it is provided therein as follows:

"In this act, unless the context otherwise requires: (a) 'Railway' includes street railways and interurbans; and 'employment on railways' includes work in depots, power houses, round houses, machine shops, yards, and upon the right of way, and in the operation of its engines, cars and trains. . . ." [Sec. 8, Chap. 232, Laws of Kan. 1927, p. 392.]

Thus it appears that only employers with five or more employees in continuous service for more than one month at the time of accident are entitled to come within the provisions of the act. It further appears that employment on railways only includes those working in certain specified places.

Plaintiff testified that more than five workmen were in the service of defendant at said planing mill at the time he was injured. But there is no evidence tending to show that defendant had in Kansas five or more employees in continuous service for more than one month prior to the time of plaintiff's injury. Defendant contends that we judicially know such to have been the fact. We will so assume without deciding the question.

Even so, planing mills are not named in the section defining employment on railways. But defendant contends that planing mills are included in the classification "machine shops."

The only evidence on the subject is the testimony of plaintiff, which follows:

"Q. All right, what capacity have you been employed by the Missouri Pacific Railroad Company? A. In the planing mills.

"Q. Where are the planing mills situated? A. Situated at the east end of the shops.

"Q. Just describe briefly; give us a sort of idea of these mills,

what they are and how large they are? A. Well, I judge it is about sixty feet wide, possibly 125 feet long—I don't know exactly.

"Q. How long did you work there in that mill? A. Ever since it was built.

"Q. What kind of work was done there by the Company in June, 1930, in this mill? A. Different kinds of wood work, freight car work, store order.

"Q. Was the store located there in the shops? A. The store room was right next to the mill, west of the mill.    ·

"Q. What kind of a machine were you working on that day? A. Working on a four side planer.

"Q. Tell the jury what that is, describe it? A. That machine dressed all four sides of the timber at once—run a timber through there, has knives on all four sides, dressed all four sides as it goes through the machine.

"Q. Now when the material would come in to you what form would it be in? A. Rough.

"Q. What were your duties there? A. Cut it down to the sizes that the order called for.

"Q. You were doing that on that day? A. Yes, sir.

"Q. Now, Mr. Chamberlain, what were you doing about 2:30 o'clock that afternoon of the 12th of June, 1930? A. I was setting up the machine to run some two by sixes through.

"Q. How long were they? A. Sixteen feet long.

"Q. Do you know where these two by sixes had come from? A. Got them out in the lumber yard.

"Q. By what power is this machine operated? A. Electricity.

"Q. What kind of a mechanic are you? A. Mill mechanic.

"Q. Do you know how long this planing machine had been there in the shops at Osawatomie? A. Put in there when the new mill was built about four years ago.

"About 2:30 P. M., on the above date when this accident occurred, I was on duty at the Osawatomie shops and I was engaged in operating a machine in the wood mill of the shops known as a 'Matcher.'

"I was filling a store order. Evidently the store department had an order for them and probably were to be shipped to some other point on the Missouri Pacific for use, but I have no idea where they were going nor to what use they were to be put.

"I had no occasion to examine or look at this pulley before it occurred. We are not assigned to any certain machine. All us machinists take any machine to use.

"Q. What is your employment? A. I am working for the Missouri Pacific.

"Q. You are working for them now? A. Yes, sir.

"Q. In what capacity? A. In the mill department."

Defendant argues that "the evidence, taken as a whole, clearly

shows that the operation of the planing mill machines was a part of the general shops at Osawatomie; that there were several of these machines and that they were used to prepare lumber for use in the shops and elsewhere; that the planing mill was merely a department of the shops and was located on the right-of-way alongside the general shops and store room.''

Of course, the planing mill was a part of the general shops. However, it does not follow that it was a part of the machine shop. Plaintiff testified that ''the planing mill was for woodwork, freight car work and store order.'' But there was no evidence tending to show that freight cars were either manufactured or repaired in the machine shop or other places under the control of the company. Furthermore, there was no evidence tending to show that lumber conditioned in the planing mill was used in the operation of the machine shop. Furthermore, there was no evidence tending to show that lumber conditioned in the planing mill under a company store order was so used. In other words, there was no evidence tending to show that the planing mill was either necessary or useful in the operation of the machine shop. A machine shop is ''a work shop for making or repairing machines.'' (Standard Dictionary.)

The planing mill was not located on the right-of-way. A right-of-way is a strip of land upon which railroad companies construct their roadbed.

On the record the trial court should not have ruled, as a matter of law, that the machine shop included the planing mill. The judgment should be affirmed. It is so ordered. All concur.